UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANN FELLOWS,<br><br>    Plaintiff,<br>v.<br><br>CAREER EDUCATION CORPORATION, AMERICAN INTERCONTINENTAL UNIVERSITY, INC., and COLORADO TECHNICAL UNIVERSITY, INC.<br><br>    Defendants. | Civil Case No.: 17-cv-3945<br><br>**COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendants repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and invasion of Plaintiff Fellows' privacy.

2. Since October 2016, Ms. Fellows received 116 autodialed telemarketing telephone calls from Defendant American Intercontinental University ("AIU") to her cellular telephone number.

3. Since October 2016, Ms. Fellows received 25 autodialed telemarketing telephone calls from Defendant Colorado Technical University ("CTU"; collectively, with AIU, "University Defendants") to her cellular telephone number.

4. Plaintiff Fellows never provided Defendants with prior express written consent to make these telephone calls.

5. Furthermore, Plaintiff expressly told both University Defendants to stop calling and continued to receive calls – 19 post-revocation calls from CTU and 110 post-revocation calls

from AIU.

6. Both AIU and CTU are owned by, and acting on behalf of, Defendant Career Education Corporation ("CEC").

7. Accordingly, Defendants' actions violated the TCPA, and Plaintiff is entitled to $500 to $1500 per call.

8. Defendants' actions further invaded Plaintiff's privacy by intruding upon her seclusion.

## **JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

10. This Court has personal jurisdiction over Defendants because Defendants conduct significant amounts of business within this District and maintain their principle places of business in this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim – the telephone calls – occurred in this District, and all Defendants reside in this District.

## **PARTIES**

12. Plaintiff is a citizen and resident of Erie, Pennsylvania.

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

14. Defendant CEC is, and at all times mentioned herein was, an Illinois corporation with its principal place of business at 231 N. Martingale, Schaumburg, IL 60173.

15. Defendant CEC is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Defendant AIU is, and at all times mentioned herein was, a Georgia corporation with its principal place of business at 231 N. Martingale, Schaumburg, IL 60173.

17. Defendant AIU is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

18. Defendant CTU is, and at all times mentioned herein was, a Colorado corporation with its principal place of business at 231 N. Martingale, Schaumburg, IL 60173.

19. Defendant CTU is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

20. Beginning in or about October, 2016, the University Defendants, acting with full knowledge, authority, and on behalf of CEC, began placing telephone calls to Plaintiff's cellular telephone number, 814-###-2642.

21. These calls all sought to encourage Plaintiff to enroll in their for-profit universities, making them telemarketing.

22. Plaintiff never gave any of the Defendants prior express written consent to make these calls to her cellular telephone.

23. On October 22, 2016, Plaintiff called Defendant CTU twice, speaking to a "Rose" and a "Bridgette" and told Defendant CTU to "please stop calling me", or words to that effect.

24. On November 9, 2016 at 1:43 PM, Plaintiff called Defendant AIU and reached its

employee, Antoinette Pendleton, Admissions Advisor, and told AIU, through Ms. Pendleton, to "please stop calling me" or words to that effect.

26. Nonetheless, despite not having consent in the first place *and* despite Plaintiff's revocation, the University Defendants continued to call.

26. Defendant CTU placed at least 22 calls to Plaintiff's cellular telephone: 6 prior to revocation, 16 after revocation of any consent Defendant CTU mistakenly believed it had.

27. Defendant CTU called up to four times in a single day.

28. The calls from Defendant CTU came from numerous telephone numbers including, but not limited to, 814-247-7722, 814-247-7713

29. Defendant AIU placed at least 116 calls to Plaintiff's cellular telephone: 6 prior to revocation, 110 after revocation of any consent Defendant AIU mistakenly believed it had.

30. Defendant AIU called up to six times in a single day.

31. The calls from Defendant AIU came from numerous telephone numbers including, but not limited to, 814-924-0152, 773-272-7044, and (814) 208-7583.

32. Plaintiff's telephone number has been on the national "do not call" list since October 1, 2015.

33. Upon information and belief, Defendants do not maintain a written "do not call" policy, available upon demand, as required by 47 CFR § 64.1200(d)(1).

34. Upon information and belief, Defendants do not train their employees on the existence and use of any internal "do not call" list, as required by 47 CFR § 64.1200(d)(2).

35. Defendants also either failed to record to record, honor, and maintain Plaintiff's "do not call" requests, as required by 47 CFR § 64.1200(d)(3) and (5), or Defendants continued

to call *despite* properly recording Plaintiff's "do not call" request.

36. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendants to call Plaintiff has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37. This is evidenced by the volume of the calls and the inability to stop the calls.

38. This is further evidenced by the calls Plaintiff answered, as on at least some of the calls, there was an unnatural pause before Defendants' agent responded to Plaintiff's "hello."

39. Defendants' actions in making telemarketing telephone calls using an automatic telephone dialing system to Plaintiff before obtaining prior express written consent, and/or continuing to call after any such consent was revoked, violate 47 U.S.C. § 227(b).

40. Defendants' failure to maintain a written do not call policy, failure to train its employees on any internal "do not call" list, failure to honor Plaintiff's "do not call" request, and continuing to call Plaintiff despite her number being on the National Do Not Call Registry, all violate 47 U.S.C. § 227(c), which is a separately actionable provision of the TCPA.

41. Defendants' actions were willful and/or knowing because Defendants made the calls of their own volition, and continued to do so after being asked to stop, which they either ignored, or did not record.

42. Plaintiff has suffered concrete harm as a result of Defendants' telephone calls, including, but not limited to, tying up her telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendants' unlawful conduct, the invasion of her privacy by calls continuing after she asked Defendants to stop calling, and nuisance.

43. These forms of concrete harm are sufficient for Article III standing purposes.

44. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief for these violations of the TCPA.

45. For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call.

46. For violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an additional $500 to $1500 per call.

47. In addition to violations of the TCPA, Defendants' conduct constitutes common law invasion of privacy by intrusion upon seclusion.

48. These calls occurred at such a rate as to amount to a course of hounding and harassing Plaintiff and would be highly offensive to a reasonable person.

49. As a result of the calls, Plaintiff suffered from frustration, annoyance, and embarrassment.

50. Plaintiff is therefore entitled to an award of actual damages.

51. Plaintiff is also entitled to an award of punitive damages.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

52. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53. Defendants placed calls to Plaintiff's telephone number without prior express written consent, and after Plaintiff asked Defendants to stop.

54. Plaintiff's telephone number is assigned to a cellular telephone service.

55. As alleged, these calls all used an "automatic telephone dialing system."

56. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

57. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c), *et seq*..**

59. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60. Defendants placed numerous calls to Plaintiff's telephone number.

61. Plaintiff's telephone number has been on the national do not call registry since October 1, 2015.

62. As alleged, these calls were all telephone solicitations, as they were intended to encourage the purchase of Defendants' for-profit university offerings.

63. Plaintiff did not provide Defendants with her prior express invitation or permission.

64. Plaintiff did not have an established business relationship with Defendants, and even if she did, her do not call requests terminated any established business relationship for the purpose of telemarketing telephone calls.

65. Upon information and belief, Defendants do not maintain a written "do not call" policy, or this would not have happened.

66. Upon information and belief, Defendants do not train their employees on the existence and use of any internal "do not call" policy, or this would not have happened.

67. Defendants failed to either record or honor Plaintiff's do not call requests.

68. Plaintiff received two or more telephone calls in a 12-month period.

69. Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(c)(5)(B).

70. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5)(C).

## THIRD CAUSE OF ACTION
### Invasion of Privacy/Intrusion Upon Seclusion

71. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

72. Separate and apart from Defendants' TCPA violations, Defendants' conduct of calling Plaintiff more than 100 times after she asked Defendants to stop constituted an unreasonable intrusion upon Plaintiff's seclusion and interfered with her right to be left alone.

73. These telephone calls were repeated with such persistence and frequency as to amount to a course of hounding and harassing Plaintiff and would be highly offensive to a reasonable person.

74. As a result of the calls, Plaintiff suffered from frustration, annoyance, nuisance, and embarrassment.

75. As a result, Plaintiff is entitled to an award of actual damages.

76. Plaintiff is also entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ann Fellows prays for the following relief:

A. An order declaring that Defendants' actions violate the aforementioned laws and statutes;

B. An award of injunctive and other equitable relief prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

  C.  An award statutory damages;

  D.  An award of treble damages;

  E.  An award of actual damages;

  F.  An award of punitive damages;

  G.  An award of attorneys' fees and costs;

  H.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** May 25, 2017      */s/ Jeremy M. Glapion*
                Jeremy M. Glapion
                **THE GLAPION LAW FIRM, LLC**
                1704 Maxwell Drive
                Wall, New Jersey 07719
                Tel: 732.455.9737
                Fax: 732.709.5150
                jmg@glapionlaw.com